**IN THE UNITED STATES DISTRICT COURT**
**NORTHEN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORGAN KUDRLE, INDIVIDUALLY &** | ) | |
| **AS PARENT & NEXT FRIEND OF MICHAEL** | ) | |
| **ROCCI, III, A MINOR,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **No.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **AUTUMN FIELDS HOMEOWNERS** | ) | |
| **ASSOCIATION, an Illinois not-for-profit** | ) | |
| **corporation, JOHN BLOHM,** | ) | |
| **as Agent for BOARD OF DIRECTORS of** | ) | |
| **AUTUMN FIELDS HOMEOWNERS** | ) | |
| **ASSOCIATION, & NEMANICH** | ) | |
| **CONSULTING MANAGEMENT, INC., an** | ) | |
| **Illinois Corporation,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT

Plaintiffs, MORGAN KUDRLE, Individually, and as Parent and next friend of MICHAEL ROCCI, III, a minor ("PLAINTIFFS"), by and through their attorneys of, WEISS ORTIZ, P.C., and for their complaint against AUTUMN FIELDS HOMEOWNERS ASSOCIATION, an Illinois not-for-profit corporation, and DON BLOHM, as Agent for BOARD OF DIRECTORS of AUTUMN FIELDS HOMEOWNERS ASSOCIATION, & NEMANICH CONSULTING MANAGEMENT, INC., an Illinois Corporation, ("DEFENDANTS"), states as follows:

## JURISDICTION AND VENUE

1

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. 3613(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. 3613(a), as defendants are located in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## NATURE OF ACTION

Morgan brings this action on her behalf and on behalf of her minor child, Michael, as parent and next friend, to enforce Sections 42 USC 3604(a) and 3604(c) of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631 and state causes of action. Morgan and Michael are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i).

## THE PARTIES

1.     Complainant, MORGAN KUDRLE ("Morgan"), is a single mother, who resides in San Marcos, California.

2.     Complainant, MICHAEL J. ROCCI III ("Michael") a minor, is the son of MORGAN and DAVID ROCCI.

3.     Defendant, AUTUMN FIELDS HOMEOWNERS ASSOCIATION ("ASSOCIATION"), Plaintiff, is at all times relevant an Illinois common interest community association and not-for-profit corporation that administers residential property in Plainfield, Illinois pursuant to its Declaration of Covenants, Conditions, Easements, Restrictions and Amendments thereto ("Declaration").  A copy of the Declaration and By-Laws is attached hereto as **Exhibit A.**   A copy of Amendment to Declaration is attached hereto as **Exhibit B**.  The Board of Directors of Autumn Fields Homeowners Association ("Board") is the entity that administers, manages, and controls the affairs of the ASSOCIATION.

2

4.   Respondent, JOHN BLOHM, as agent for the BOARD of DIRECTORS, of Autumn Fields Homeowners Association, administers, manages, and controls the affairs of the ASSOCIATION.

5.   Respondent, NEMANICH CONSULTING & MANAGEMENT, INC. ("NEMANICH CONSULTING" or "NEMANICH"), is an Illinois corporation specializing in property management with its principle place of business located at 2756 Caton Farm Road, Joliet, IL 60453 and at all times relevant operated as agent of the ASSOCIATION and or acted on their own.

6.   DAVID ROCCI, at all times relevant, is an individual and owner of record of the real property commonly known as 2405 White Ash Court, Plainfield, Illinois 60586 ("Subject Property").

### Governing Instruments

7.   In addition to the Declaration and Amendments thereto, the ASSOCIATION is additionally governed by its By-laws, rules, other governing instruments, as well as the Illinois Common Interest Community Association Act, 765 ILCS § 160/1, *et seq.,* and the Illinois General Not For Profit Corporations Act of 1986, 805 ILCS 105/1 *et. seq.*

8.   Paragraph 12.1 of the Declaration, Article 12, General Provisions, provides in relevant part:

> Enforcement: *** If any Owner, or his guests, violates any provisions of this Declaration, the Articles of Incorporation, the By-Laws, or the rules and regulations of the Association, the Board may, after affording the *Owner an opportunity to be heard*, levy a reasonable fine against such Owner***.

*See* **Exhibit A**.

9.   Thus, the ASSOCIATION'S and/or BOARD'S own Declaration require that any Owner who is in violation of the Declaration and related governing instruments be provided an

*opportunity to be heard* before exacting a reasonable fine.

10.     Paragraph 6 to the Amendment to Declaration provides in relevant part:

> In the event the owner of a dwelling unit permits his/her dwelling unit to become *non-owner occupied without complying with the provisions of this Amendment to the Declaration, or in the event occupant(s) of the dwelling unit, in the sole judgment of the Board, becomes a habitual or continual violator of the Declaration, By Laws or Rules and Regulations of the Association, the Board, after service of a 30-day notice of violation of this Amendment to the Declaration upon the occupant(s) and the dwelling unit owner, by personal delivery or by certified mail, return receipt requested, and the failure of the occupant to vacate the dwelling unit within such 30-day period,* may initiate a forcible entry and detainer action against the occupant and/or the dwelling unit owner, and all dwelling unit owners hereby consent to the bringing of such action in their name. As an alternative, the Association may seek a restraining order against the occupant and the dwelling unit owner to prevent the dwelling unit from continuing to be non-owner occupied. All attorney's fees and court costs shall be assessed to the dwelling unit owner of the dwelling unit in violation of the provisions of this Amendment, and if such costs and fees are not paid, they may be the subject of a lien of' the Association against the dwelling unit and may be collected using all remedies available for the collection of delinquent assessments.

Emphasis added. *See* **Exhibit B**.

## FACTS

11.     Morgan is prohibited from moving in with David and Michael due to the

Association's discriminatory restriction:

> **A. Restriction on Leasing: No Dwelling Unit shall be leased or otherwise occupied by a non-owner of a Dwelling Unit except as specifically provided herein.**
>
> > 1. Definitions. The following words are defined as follows:
> >
> > > a. "Owner occupied dwelling unit" shall be any Dwelling Unit which is occupied by one or more titleholders. A titleholder shall mean the bolder of a fee interest, a beneficiary or land trust or shareholder of a corporation holding a fee interest in the' dwelling unit. Dwelling Units in which "immediate family members" of a titleholder reside, shall also be considered owner occupied dwelling units.

4

   b. "Non-owner-occupied dwelling unit" shall mean all dwelling units except those which are owner occupied units. Amendment to declaration for autumn Fields Homeowner, recorded 4/21/08.

*See* Full Amendment to Declaration attached as **Exhibit C**.

12.     On or about July 10, 2018, David sought permission from Defendants' for MORGAN, his significant other, who was then pregnant with their child, to be allowed to move into the Subject Property. At the time, Morgan and her children resided in a rental apartment in San Marcos, California with a July 31, 2018 lease expiration.

13.     On or about August 3, 2018, DAVID again requested Plaintiff's permission that MORGAN and her children be allowed to move into the Subject Property.

14.     On August 3, 2018, the ASSOCIATION denied DAVID'S the VARIANCE REQUEST.

15.     On August 13, 2018, due to Plaintiff's denial of DAVID'S VARIANCE REQUEST, DAVID was forced to renew the California apartment lease for MORGAN plus pay for utilities.

16.     From September 1, 2018 through November 30, 2018, Morgan experienced debilitating premature contractions due to the stress of not being able to be with David, the father of her child.

17.     On December 1, 2018, Morgan gave birth prematurely.

18.     On December 28, 2018, David traveled with Morgan, their infant child, Morgan's mother and the two children from Morgan's prior marriage to the Subject Property to try once again try to resolve the matter of the VARIANCE REQUEST with Defendants, to no avail.

19.     On January 17, 2019, DAVID was notified that the ASSOCAITION had agreed

5

to allow Morgan and the kids move into the unit and it will not be deemed to be a violation of the leasing restriction amendment. However, the ASSOCATION did not provide a formal variance or any details how the variance would operate or how long it would last. By this time Morgan and DAVID already had extended the California lease to prevent them from being homeless.

20.     On about January 2019, Morgan received a preliminary diagnosis of post-partum depression due to the stress of not being able to be with David and Michael as a family and not having a viable living situation.

21.    A violation of the Fair Housing Act continues to date because Morgan and her son cannot move in with David due to the "non-owner occupancy" rule that still exits unchanged.

22.    Defendants have been selective in its enforcement of its rules and By-laws.

23.    There are non-owners that reside in homes in violation of the Declaration and Amendment and for which the ASSOCIATION and/or BOARD has not similarly sought injunctive relief.

24.    In the instant matter, the following Association members either rent their home and or reside in their home with their partner/spouse who is not on title and otherwise in breach of the Bylaws, Amendment & Declaration, by not complying with the definition of "**Owner Occupied:**

   a.  **RINANDO, LISA, 2404 WHITE ASH CT, PLAINFIELD, IL 60586,**

   b.  **RICHTER, CHRISTOPHER, 2407 WHITE ASH CT, PLAINFIELD, IL 60586**

   c.  **HESBON, BRUCE J, 2409 WHITE ASH CT, PLAINFIELD, IL 60586**

   d.  **ALLISON, WILLIAM G JR, 2511 RED OAK DR, PLAINFIELD, IL 60544**

   e.  **BLOHM, JOHN, 7506 LOCUST LN, PLAINFIELD, IL 60544**

6

f.   **SCHMIDT, LENA M, 7517 LOCUST LN, PLAINFIELD, IL 60544**

**COUNT I**
**Violation based on sex under the Fair Housing Act, 42 U.S.C. § 3604(a)**

25.      The Plaintiffs adopts and incorporates paragraphs 1 – 24 as if fully set forth herein.

26.      The Federal Fair Housing Act makes it unlawful, because of …, sex, …, to impose different terms, conditions, or privileges, related to the sale or rental of a building.  42 U.S.C. §§ 3604-06; 24 CFR §§ 100.50 – 100.205.  Section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful--

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, **or otherwise make unavailable** or deny, a dwelling to any person because of sex…, familial status... *Id.*

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 USC §3603Defendants refused or otherwise made unavailable or denied a dwelling to Morgan on the basis of her sex, in violation of Section 3604(a) of the Fair Housing Act, 42 U.S.C. § 3604(a).

27.      MORGAN is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i).

28.      As a result of Defendants' discriminatory conduct, Morgan has suffered damages.

29.      Defendants' discriminatory actions and refusal to allow MORGAN to move in with David, were intentional, willful, and taken in disregard of her federally protected rights.

**WHEREFORE**, Complainants requests the following relief:

A.      An investigative declaration that the discriminatory conduct of Defendants, as set forth above, violates the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631.

B.      discriminating on the basis of sex or familial status in violation of the Fair Housing Act, in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631.

i. order the Defendants to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful practices; and

ii. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Morgan and her minor child to the position they would have been in but for the discriminatory conduct.

C. Award money damages in an amount to be determined plus an award of reasonable attorney's fees and costs of this suit and for such additional relief as the interests of justice may require.

## COUNT II
### Violation based on familial status of the Fair Housing Act
### 42 U.S.C. § 3604(a), 3602(k) and 24 CFR §§ 100.50.

30. The Plaintiffs adopts and incorporates paragraphs 1 – 29 as if fully set forth herein.

31. Defendants Refused or otherwise made unavailable or denied a dwelling to Morgan and her child Michael, on the basis of familial status, in violation of Section 42 U.S.C. § 3604(a)(k).

32. Morgan and Michael are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i).

33. As a result of Defendants' discriminatory rule and conduct, Morgan and Michael cannot live together in David's home.

34. Defendants' discriminatory actions and refusal to allow Morgan and Michael to move in with David, were intentional, willful, and taken in disregard of their federally protected rights.

35. Section 100.50(b)(3) makes it illegal to "*engage in any conduct* relating to the provision of housing which otherwise makes unavailable or denies dwellings to persons because

of familial status… *See* 24 CFR §§ 100.50.

**WHEREFORE**, Morgan and Michael request the following relief:

A.      that the court declare that Defendants engaged in discriminatory conduct of Defendants, as set forth above, in violation of 42 U.S.C. §§ 3601(a) & (k);

B.      that the court declare that Defendants discriminated on the basis of familial status in violation of 24 CFR §§ 100.50;

a. order Defendants to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful practices; and

b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Morgan and Michael to the position they would have been in but for the discriminatory conduct.

c. Award money damages in an amount to be determined, plus an award of reasonable attorney's fees and costs of this suit and for such additional relief as the interests of justice may require.

**COUNT III**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**DISPARATE TREATMENT**

36.      The Plaintiffs adopts and incorporates paragraphs 1 – 35 as if fully set forth herein.

37.      The Federal Fair Housing Act makes it unlawful, because of …, sex, … familial status, to impose different terms, conditions, or privileges, related to the sale or rental of a building.  42 U.S.C. §§ 3604. Section 3604 makes it illegal to "engage in any conduct relating to the provision of housing which otherwise makes unavailable or denies dwellings to persons because of familial status… 24 CFR §§ 100.50.

38.     Under the FHA, plaintiffs who allege disparate treatment must "simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated" the defendant and that the defendant's actions adversely affected the plaintiff in some way. *See also Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) ("[T]he *McDonnell Douglas test* is inapplicable where the plaintiff presents direct evidence of discrimination.");[1]

39.     Defendants  intentionally treated Complainants differently when the Association members and other owners either rented their home and or reside in their homes with their partner/spouse who are not on title and otherwise in breach of the Bylaws, Amendment & Declaration, by not complying with the definition of "Owner Occupied". Below are sample violators with no action taken against them by the Defendants:

   **a. RINANDO, LISA, 2404 WHITE ASH CT, PLAINFIELD, IL 60586,**

   **b. RICHTER, CHRISTOPHER, 2407 WHITE ASH CT, PLAINFIELD, IL 60586**

   **c. HESBON, BRUCE J, 2409 WHITE ASH CT, PLAINFIELD, IL 60586**

   **d. ALLISON, WILLIAM G JR, 2511 RED OAK DR, PLAINFIELD, IL 60544**

   **e. BLOHM, JOHN, 7506 LOCUST LN, PLAINFIELD, IL 60544**
   **f. SCHMIDT, LENA M, 7517 LOCUST LN, PLAINFIELD, IL 60544**

Defendants, knew or should have known that these owners were in violation of the "Owner Occupied" rule and no adverse action has been taken against any of the owners listed above.

---

[1] A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The Seventh Circuit reiterated that "[it] does not take much to allege discrimination." *Wigginton v. Bank of Am. Corp.*, 770 F.3d 521, 522 (7th Cir. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002) (holding that a plaintiff alleging disparate treatment need not plead a prima facie case); *Swanson v. Citibank, N.A.,* 614 F.3d 400, 405 (7th Cir. 2010) (holding that plaintiff who alleged "the type of discrimination that she thinks occur[ed] ... by whom ... and when" had stated a plausible FHA claim)). One "essential allegation" in an FHA complaint is "that someone else has been treated differently." *Id*

40. Plaintiffs and David have been treated disparately from the above listed Association members because of MORGAN's sex and familial status.

41. David put the Association and/or BOARD and or NEMANICH on notice of the disparate treatment and to date have done nothing. The ASSOCIATION and/or BOARD, through its agent, NEMANICH CONSULTING knew of the disparate treatment. The ASSOCIATION and/or BOARD, through the Declaration, Amendments thereto By-Laws and governing statutes had the authority to take prompt corrective action. The Association and/or BOARD failed to take any action to investigate same and failed to take prompt corrective action. As a result of the disparate treatment, Morgan and David altered their conduct, including vacating his residence and listing it for sale.

42. Under the FHA, the ASSOCIATION and/or BOARD are liable for third party misconduct against Plaintiffs and David. As a direct and proximate result of one, more than one, or all of the foregoing acts or omissions on the part of Defendants, BLOHM and NEMANICH, as agents for the BOARD of DIRECTORS, of Autumn Fields Homeowners Association, Plaintiffs have suffered damages, including but not limited to loss of housing, emotional distress and physical pain and anguish; MORGAN has incurred and become liable for medical attention, care, treatment, and services and has incurred costs for alternate housing.

**WHEREFORE**, Morgan and Michael requests the following relief:

A. that the court declares that Defendants disparately treated Morgan and David, as set forth above, in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601(a) & 3602(k).

a. order the Defendants to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate,

to the extent practicable, the effects of their unlawful practices; and

        b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Morgan and Michael to the position they would have been in but for the discriminatory conduct.

        c. Award money damages in an amount to be determined and plus an award of reasonable attorney's fees and costs of this suit and for such additional relief as the interests of justice may require.

**COUNT IV**
**NEGLIGENCE**
**(Autumn Fields Homeowners Association,**
**John Blohm as Agent for the Board of Directors of Autumn Fields Homeowners**
**Association and Nemanich Consulting)**

43.     Plaintiffs adopts and incorporates paragraphs 1 – 42 as if fully set forth herein.

44.     Defendants had a duty to Plaintiffs to act with the utmost care in carrying out their functions and duties as Board members and manager for the Homeowners Association pursuant to 765 ILCS 160/1-1, *et. seq.*

45.     Defendants breached their duty by:

    a)  failing to comply with the Homeowners declaration and by-laws,

    b)  by selectively enforcing their rules,

    c)  by granting retroactive approval of violations and a waiver of the Homeowners declaration and by-laws to certain unit owners in violation therein,

    d)  By discriminating against Plaintiff Morgan based on her sex and familial status,

    e)  By engaging in misleading, fraudulent, and negligent conduct,

12

    f)   By not complying with the Illinois Common Interest Community Association Act,

    g)   By acting outside the scope of authority granted to them by the Illinois Common Interest Community Association Act.

46.     As a direct and proximate result of one, more than one, or all of the foregoing acts or omissions on the part of Defendants, BLOHM, as agent for the BOARD of DIRECTORS, of Autumn Fields Homeowners Association and Nemanich Consulting,[2] Morgan and Michael have suffered damages, including but not limited to out of pocket damages, physical pain and Morgan has incurred and become liable for medical care, treatment, medical services and has incurred costs for alternate housing.

47.      The aforesaid breaches have caused Plaintiff to suffer damages in the form of emotional distress, mental anguish, and loss of the use and enjoyment of their home.

        **WHEREFORE,** Plaintiffs, requests that this court enter a judgment against Defendants, award money damages in an amount to be determined and for such additional relief as the interests of justice may require.

Date: June 29, 2020

                                    **Respectfully submitted,**

                                    MORGAN KUDRLE AND MICHAEL ROCCI, III, A MINOR,

                                    By: _____

                                      **ADEENA WEISS ORTIZ**
                                      One of the Attorneys for Plaintiffs

---

[2] [W]here a fiduciary relationship does not exist as a matter of law, such a relationship may exist where one party, due to the facts of the particular situation and a close relationship, relies very heavily on the judgment of another. *Gary-Wheaton Bank v. Burt*, 104 Ill. App. 3d 767, 774, 433 N.E.2d 315, 60 Ill. Dec. 518 (2d Dist. 1982).

**Weiss Ortiz, P.C.**
1011 East 31st Street
La Grange Park, IL 60604
Phone: (773) 498-4498
Fax: (312) 276-3040
info@weissortizlaw.com
#6278679